# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7463 | **DATE** | 12/16/2002 |
| **CASE TITLE** | Cogniplex, Inc. et al vs. Hubbard Ross et al | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ .  Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ■ Status hearing set for 2/25/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  **ENTER MEMORANDUM OPINION:** We deny all pending motions for summary judgment.  All other pending motions, if any, are hereby moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 1 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 73 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 DEC 16 PM 12:28
FILED
Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

DEC 1 7 2002

COGNIPLEX, INC.; DOUGLAS HUBBARD; )
and DHS & ASSOCIATES, INC., )
)
               Plaintiff, )
)
    vs. )      00 C 7463
)
HUBBARD ROSS, L.L.C.; JACK ROSS; and )
KATHLEEN FILBIN ARNS, )
)
               Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This case comes before the court on a motion for summary judgment by
Plaintiffs Cogniplex, Inc., Douglas Hubbard ("Hubbard"), and DHS & Associates
("DHS") (collectively referred to as ("Cogniplex") with respect to Cogniplex's second
amended complaint Counts I, VIII, and XII, and with respect to Count XI of the
complaint filed by the Hubbard Ross parties claiming common law fraud. This case
is also before the court on Cogniplex's motion for summary judgment on amended
counterclaim Counts I through IV of Defendants Kathleen Filbin Arns ("Arns"), Jack
Ross ("Ross"), and Hubbard Ross, L.L.C. ("Hubbard Ross") (collectively referred to
as "HRL"). This case is also before this court on HRL's cross-motion for summary

73

judgment as to Counts II and XII of Cogniplex's second amended complaint and as to Cogniplex's affirmative defenses to Counts I and II of HRL's counterclaims, and Counts VI, VII, X and XI of the Hubbard Ross parties' complaint. For the reasons stated below we deny the motions for summary judgment.

## BACKGROUND

Hubbard was first employed by DHS as a consultant in August 1994. He worked on a methodology that would ultimately evolve into a methodology called "Applied Information Economics" ("AIE"). HRL claims that Hubbard developed some of the AIE methodology prior to 1994. On June 9, 1995, Hubbard signed a new employment agreement with DHS. While working at DHS, Hubbard created AIE documents. Hubbard was laid off by DHS in January 1999. Prior to his leaving DHS, Dominic Schilt ("Schilt"), president of DHS, orally gave permission to Hubbard to use the AIE materials. During February 1999, Hubbard did consulting work as a sole proprietor under the name "Hubbard Research and Consulting." In late February or early March, Hubbard, Ross, and Arns decided to form a Limited Liability Company called "Hubbard Ross, L.L.C." Hubbard, Ross, and Arns all signed a buyout agreement which purported to sell Hubbard's supposed intellectual property interest in the AIE materials. A conflict developed between Hubbard, Ross, and Arns, and on August 21, 2000 Hubbard formally dissociated himself as a member of the limited

liability company, seeking to be paid for his share in the company. After Hubbard left

Hubbard Ross, he formed a new company called Cogniplex and, pursuant to a license

from DHS, he was authorized to use the AIE materials that DHS claims it has a

copyright to. HRL claims that Hubbard began developing AIE prior to beginning work

with DHS and, by agreement with DHS, reserved all rights in AIE materials. HRL

contends that those interests were validly transferred to Hubbard Ross under the buyout

agreement.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most

favorable to the non-moving party, reveals that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify

"those portions of 'the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any' which it believes demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). A "genuine issue" in the context of

a motion for summary judgment is not simply a "metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). Rather, a genuine issue of material fact exists when "the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the non-moving party and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

There is not sufficient undisputed evidence relating to any of the parties' claims or counterclaims to support the granting of summary judgment. The facts relating to Hubbard's development of the AIE methodology are contradictory and inconclusive. Likewise the evidence concerning whether Hubbard reserved any interest in the AIE methodology when working for DHS is not sufficient to warrant a summary judgment. Once Hubbard left DHS he allegedly transferred all of his interests relating to AIE to Hubbard Ross. The disputed facts relating to Hubbard's attempted transfer through the buyout agreement and his hidden intentions and knowledge relating to his alleged fraud are sufficiently inconclusive that a reasonable jury could find for either side. Finally, we think that the breach of fiduciary duty claim and the trade name infringement claims are triable issues as well.

HRL did not extend an offer to Hubbard for his share of Hubbard Ross, but we are not obligated to order a dissolution of Hubbard Ross. A reasonable jury could find that Hubbard's association with the financial records of Hubbard Ross provided a justification for questioning the validity of those records which are needed in order to make an offer to Hubbard for his share. In summation, material facts in this case are in dispute and the evidence is not sufficiently conclusive in regards to any of the issues before us to warrant granting a motion for summary judgment. Thus, the proper course is to bring the claims and counterclaims before a trier of fact for resolution.

## CONCLUSION

Based on the foregoing analysis we deny all pending motions for summary judgment.


Charles P. Kocoras
Chief Judge
United States District Court

Dated:    DEC 1 6 2002

- 5 -